## GENERAL COURT, MAY TERM, 1801.

### WILSON'S EX'X. *vs.* RINE.

*Whether notes, placed by a testator for collection in the hands of the husband of his daughter, were intended to be bequeathed to her under the following clause, viz. "I give and bequeath unto my daughter, all the property she has in her possession, belonging to me, of every description, at the time of my decease for ever." Held, that it was the province of the jury to determine whether by the will and evidence in the cause the notes were intended by the testator as the property bequeathed to his daughter*
*A general legacy does not vest the property bequeathed in the legatee without the assent of the executor, and the executor may maintain trover for such property against the legatee*
*Whether or not a bequest to the daughter is good evidence to the jury in mitigation of damages in an action of trover by the executrix against the husband of the daughter, for the property bequeathed if there is no proof of an assent by the executrix to such legacy*

APPEAL from Frederick county court. It was an action of *trover* for notes or single bills. The general issue pleaded.

1. The plaintiff, (now appellant,) at the trial, proved that the notes mentioned in the declaration were put into the hands of the defendant, (now appellee,) by *Jacob Wilson,* the plaintiff's testator, to be collected for and paid over to him the testator. That the plaintiff, after the death of the testator and after letters testamentary were granted to her, and before this suit was brought, demanded the said notes from the defendant, who admitted them to be in his possession, but refused to deliver them up, claiming them as his own property, bequeathed to his wife *Priscilla,* by the will of the said testator. The defendant proved, that on the 16th of September 1797, the testator declared to a witness, that as *Priscilla,* the wife of *Rine,* (the defendant,) was his only daughter, he meant to do for her all he could, or words to that effect; that he had the day before put some writings into the hands of the said *Rine;* that all they had in their hands was their right and title; that he meant to give it to them, as the witness should see, but that he had not so told his son-in-law and daughter; that it was his intention they should have absolutely all they had in their hands; that he expected to set out for Baltimore, where he

lived, the next day, and that he did not know that he
should live to come back; if he did not, he intended
to give them all they then had in their hands; and if
he did come back, he would do more for them. That he
accordingly, on the next day, or two days after, did
go from *Frederick county*, where this conversation
happened, to *Baltimore*, and there died in the month
of October 1797. The defendant then offered to read
to the jury the will of the said *Jacob Wilson*, the tes-
tator, which was duly executed in the presence of
two witnesses, and proved according to law, to which
the plaintiff objected. But the county court, (*Potts*,
Ch. J.) overruled the objection.

<div style="text-align: right; font-style: italic;">
May 1801

Wilson.<br>
vs.<br>
Rine
</div>

2. The defendant then read in evidence to the jury,
the will of the said *Wilson*, dated the 6th of October
1797, in which is the following bequest, viz. "I give
"and bequeath unto my daughter *Priscilla*, all the
"property she has in her possession belonging to me,
"of every description, at the time of my decease, for
"ever." The plaintiff then prayed the opinion of the
court, and their direction to the jury, that by the said
will the notes in the declaration mentioned were not
bequeathed to the defendant's wife. The county court,
(*Potts*, Ch. J.) refused to give such opinion and di-
rection, but directed the jury, that it was their pro-
vince to determine, whether by the will aforesaid, and
evidence in the cause, the notes in the declaration
mentioned, were intended by the testator as the pro-
perty bequeathed to the wife of the defendant in his
will.

*The jury are to determine whe-
ther or not certain
notes were intend-
ed to be bequeath-
ed by a will.*

3. The plaintiff then prayed the opinion of the court,
and their direction to the jury, that unless the defen-
dant could prove an assent on the part of the execu-
trix to the legacy bequeathed to the said defendant's
wife, that in that case, even if the notes, mentioned
in the declaration, were bequeathed to the defendant's
wife, the said notes belonged to the plaintiff; and that
the said bequest to the defendant's wife could not be
offered in evidence to the jury in mitigation of da-
mages. But the county court, (*Potts*, Ch. J.) was of

*The assent of
the executor is ne-
cessary to vest a
legacy in the lega-
tee, and proof of
such assent is to be
adduced to the ju-
ry*

*Whether or not
a bequest of a le-
gacy is evidence
in mitigation of
damages in an ac-
tion of trover by
the executor,
where there has
been no assent to
the legacy?*

May 1801

Wilson
vs.
Rine

opinion, and so directed the jury, that the said bequest to the defendant's wife was good evidence to the jury in mitigation of damages, even without an assent by the executrix aforesaid proved, unless the plaintiff could prove that there were debts or legacies due from the estate of said *Jacob Wilson*, deceased, for the payment and satisfaction of which there was not sufficient property of the deceased, independent of the debts due by the notes mentioned in the declaration. The court further directed the jury, that upon the case stated, the plaintiff was entitled to their verdict, unless the defendant shewed a property in the notes in him derived otherwise than under the will aforesaid: But that the several pieces of evidence offered were proper to be considered by them in ascertaining the damages to be given by them for the plaintiff. The plaintiff excepted, and the whole of the preceding facts were included in one bill of exceptions. Verdict for the plaintiff, and damages assessed to 54*l* 0s 1*d*, current money. The principal sum claimed by the notes was 181*l* 12s 2*d* current money, besides interest, the plaintiff therefore appealed from the judgment rendered in his favour upon the verdict, to this court.

*Mason* and *Shaaff*, for the Appellant.

*J. Dorsey*, for the Appellee.

The General Court were of opinion, that the assent of the executrix was necessary to vest the legacy in the legatee, *Priscilla*, the wife of the appellee, and that proof of such assent ought to have been adduced to the jury; and that the court below erred in not giving the direction thereupon prayed. The judgment of the county court was therefore *reversed*, and the record ordered to be remitted with a writ of *procedendo*.